23-1313-cv
*Munroe v. Aetna Medicare*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of March, two thousand twenty-four.

PRESENT:
> BARRINGTON D. PARKER, JR.,
> DENNY CHIN,
> JOSEPH F. BIANCO,
> *Circuit Judges*.

_____

SONYA MUNROE,

> *Plaintiff-Appellant*,

v.                                                                                                23-1313-cv

AETNA MEDICARE, KAREN LYNCH, AETNA PRESIDENT,

> *Defendants-Appellees*.

_____

FOR PLAINTIFF-APPELLANT:                    Sonya Munroe, *pro se*,
                                                                     Sleepy Hollow, New York.

FOR DEFENDANTS-APPELLEES:                    No appearance.

Appeal from a judgment of the United States District Court for the Southern District of New York (Cathy Seibel, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment, entered on August 22, 2023, is **AFFIRMED**.

Plaintiff-Appellant Sonya Munroe, proceeding *pro se*, appeals the district court's dismissal of her complaint, construed as asserting claims under the Medicare Act, 42 U.S.C. § 1395 *et seq.*, for lack of subject-matter jurisdiction. Munroe alleged that Aetna Medicare delayed coverage for her surgery and denied coverage for inpatient admission, causing her pain and suffering. The district court dismissed her complaint *sua sponte* for lack of subject-matter jurisdiction, reasoning that Munroe had failed to allege that she exhausted her administrative remedies before seeking judicial review, but provided Munroe with leave to re-plead. After Munroe's amended complaint failed to correct this jurisdictional defect, the district court dismissed the case without prejudice and directed that the case be closed. "On appeal from a district court's dismissal for lack of subject-matter jurisdiction, we review factual findings for clear error and legal conclusions *de novo*." *Avon Nursing & Rehab. v. Becerra*, 995 F.3d 305, 310–11 (2d Cir. 2021) (internal quotation marks and citations omitted). In doing so, we assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

Claims arising under the Medicare Act, including "any claims that are inextricably intertwined with what is in essence a claim for benefits," are subject to an administrative-exhaustion requirement under 42 U.S.C. § 405(g)–(h). *Retina Grp. of New Eng., P.C. v. Dynasty Healthcare, LLC*, 72 F.4th 488, 492–93 (2d Cir. 2023) (alteration adopted) (internal quotation marks and citations omitted). Failure to exhaust deprives the federal courts of jurisdiction over

such claims. *See id.* at 493 (explaining how the jurisdiction-stripping provision in Section 405(h) "means that [Section] 405(g) [which provides for judicial review of the agency's final decision] . . . is the sole avenue for judicial review for all claims arising under the Medicare Act unless application of [Section] 405(h) would mean no review at all" (alterations adopted) (internal quotation marks and citations omitted)). Because Munroe challenges Aetna Medicare's actions in response to her requests for medical coverage, her claims "are inextricably intertwined with . . . a claim for benefits" and are subject to Section 405's exhaustion requirements. *Id*. at 492 (internal quotation marks and citation omitted). Such claims arise under the Medicare Act even if they also arise under some other statute or are raised in separate causes of action. *See, e.g.*, *Heckler v. Ringer*, 466 U.S. 602, 615 (1984) (concluding that it was "of no importance that [plaintiffs] . . . sought only declaratory and injunctive relief and not an actual award of benefits as well"). In her amended complaint, Munroe does not assert that she pursued any administrative remedies as to Aetna Medicare's delay in coverage for her surgery or denial of coverage for inpatient admission. Therefore, the district court properly dismissed her complaint without prejudice for lack of subject-matter jurisdiction.

Munroe contends that her claims do not arise under the Medicare Act because they relate to a delay in benefits rather than a denial of benefits. *See* Appellant's Br. at 12 ("The substance of this complaint is that Aetna *delayed* that benefit, and *that their delay caused Appellant seven weeks of pain she would not have suffered if they had approved coverage of the surgery in the first place.*"). We find this argument unpersuasive because the resolution of her claims alleging improper delay would still require the district court to determine whether Aetna Medicare breached its duties under the Medicare Act. *See Retina Grp. of New Eng.*, 72 F.4th at 496 ("Where, as here, a district court is ultimately tasked with deciding whether a party [received] less than it was due

under the Medicare Act, allowing a party to avoid the Act's jurisdictional bar . . . would subvert the statutory scheme."); *see also Nichole Med. Equip. & Supply, Inc. v. TriCenturion, Inc.*, 694 F.3d 340, 349 (3d Cir. 2012) ("[B]ased on [plaintiff's] own recitation of facts, it is clear that [its] action is, at bottom, nothing more than an argument that it was entitled to payments under the Medicare program, those payments were delayed or denied, and [plaintiff] suffered damages as a result. Thus, these claims are not only 'inextricably intertwined' with [plaintiff's] claim for benefits, they derive from (and are firmly rooted in) the Act."). Moreover, although Munroe is correct that exhaustion is not required if channeling claims through the agency "would mean no review at all," *Shalala v. Ill. Council on Long Term Care, Inc.*, 529 U.S. 1, 19 (2000), nothing in the amended complaint suggests that Munroe could not bring her claims before the agency and then appeal any potential denial of relief to the district court, *see Retina Grp. of New Eng.*, 72 F.4th at 497 (emphasizing "that the *Illinois Council* exception is narrow and will be construed strictly to apply only in extraordinary circumstances" (internal quotation marks and citation omitted)). In short, Munroe has failed to demonstrate that her claims would fall within an exception to the exhaustion requirement under Section 405.

<div align="center">*      *      *</div>

We have considered Munroe's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.[1]

<div style="margin-left: 40%;">

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

</div>

---

[1] Munroe also moved for summary judgment and submitted a letter requesting this Court order Aetna Medicare to issue a public apology. For the reasons stated herein, we deny Munroe's motion and letter request for lack of subject-matter jurisdiction.